UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| JASON ERIC SONNTAG, | ) | |
| Plaintiff, | ) | 3: 09-cv-0637-ECR-VPC |
| vs. | ) | |
| | ) | **ORDER** |
| GURRES, *et al.*, | ) | |
| Defendants. | ) | |

Plaintiff, who is a prisoner in the custody of the Nevada Department of Corrections, has submitted a civil rights complaint pursuant to 42 U.S.C. § 1983 (#1-1). Plaintiff has previously been granted permission to proceed *in forma pauperis* in this action. (Docket #6.) The court has screened Plaintiff's civil rights complaint pursuant to 28 U.S.C. § 1915A and finds that it must be dismissed in part.

**I.     Screening Pursuant to 28 U.S.C. § 1915A**

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. §

1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1),(2). Pro se pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d. 696, 699 (9th Cir. 1988). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation Reform Act of 1995 (PLRA), a federal court must dismiss a prisoner's claim, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d. 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the court takes as true all allegations of material fact stated in the complaint, and the court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a pro se complainant are held to less

2

stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id., see Papasan v. Allain*, 478 U.S. 265, 286 (1986).

All or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

**III.    Screening of the Complaint**

Plaintiff sues defendants C.O. Gurres, C.O. Patterson, D. Carroll, C. Collier, C. O. Bengstrom, Warden James Benedetti, James Baca, N.D.O.P., NNCC, Gomez, Beng, J. Kelly, Singletary, Sturm, Furcher, Miller, Couzine, Gibson, and J. Mays in both their individual and official capacities for violation of his constitutional rights. He alleges that on October 17, 2009, he was brutally beaten in an unprovoked attack by defendants Carroll and Carroll. He alleges that other defendants either ordered or encouraged this attack, or failed to provide him with needed medical attention after the attack.

**A.    Defendants**

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law]    . . . subjects, or causes to be subjected, any citizen of the United States. . . to the deprivation of any rights, privileges, or immunities secured by the Constitution. . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. 42 U.S.C. § 1983.

The statute plainly requires that there be an actual connection or link between the actions of the

defendants and the deprivation alleged to have been suffered by plaintiff. *See Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

The court is unable to locate any allegations in the complaint linking defendant Gomez to the claimed deprivations. According, this defendant will be dismissed.

The Eleventh Amendment prohibits federal courts from hearing suits brought against an unconsenting state. *Brooks v. Sulphur Springs Valley Elec. Co.*, 951 F.2d 1050, 1053 (9th Cir. 1991)(citation omitted); *see also Seminole Tribe of Fla. v. Florida*, 116 S.Ct. 1114, 1122 (1996); *Puerto Rico Aqueduct Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993); *Austin v. State Indus. Ins. Sys.*, 939 F.2d 676, 677 (9th Cir. 1991). Nevada explicitly has retained its full eleventh amendment immunity. Nev.Rev.Stat. 41.031(3). The Eleventh Amendment also bars suits against state agencies where the state itself is named as a defendant. *See Natural Resources Defense Council v. California Dep't of Tranp.*, 96 F.3d 420, 421 (9th Cir. 1996); *Brook*, 951 F.2d at 1053; *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989)(concluding that Nevada Department of Prisons was a state agency entitled to Eleventh Amendment immunity). Accordingly, the court will dismiss the Nevada Department of Corrections and its predecessor, the Nevada Department of Prisons, from this action with prejudice.

**B.     Count I**

Plaintiff alleges that on October 17, 2009, defendant Carroll instigated an attack against him in which defendant Gurres grabbed him, slammed him against the wall and handcuffed him. Plaintiff claims that defendant Collier held him while defendant Gurres repeatedly slammed his head against the wall. Plaintiff claims that defendant Gurres dragged him into the rotunda where defendant Carroll watched and laughed while defendant Gurres repeatedly beat him on the head.

4

1    When a prison official stands accused of using excessive physical force in violation of the
2  cruel and unusual punishment clause of the Eighth Amendment, the question turns on whether force
3  was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically for
4  the purpose of causing harm. *Hudson v. McMillian*, 503 U.S. 1, 7 (1992) (citing *Whitley v. Albers*,
5  475 U.S. 312, 320-21 (1986)).  In determining whether the use of force was wanton and unnecessary,
6  it is proper to consider factors such as the need for application of force, the relationship between the
7  need and the amount of force used, the threat reasonably perceived by the responsible officials, and
8  any efforts made to temper the severity of the forceful response. *Hudson*, 503 U.S. at 7.  The extent
9  of a prisoner's injury is also a factor that may suggest whether the use of force could plausibly have
10  been thought necessary in a particular situation. *Id*.  Although the absence of serious injury is
11  relevant to the Eighth Amendment inquiry, it is not determinative. *Id*.  That is, use of excessive
12  physical force against a prisoner may constitute cruel and unusual punishment even though the
13  prisoner does not suffer serious injury. *Id*. at 9.  Although an inmate need not have suffered serious
14  injury to bring an excessive force claim against a prison official, "[not] every malevolent touch by a
15  prison guard gives rise to a federal cause of action. *Hudson*, 503 U.S. at 9.  "Not every push or
16  shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's
17  constitutional rights." Id. (citing *Johnson v. Glick*, 481 F.2d 1028, 1033 (2d Cir.)(*cert. denied sub*
18  *nom. Johnson,* 414 U.S. 1033 (1973)).  The Eighth Amendment's prohibition on cruel and unusual
19  punishments necessarily excludes from constitutional recognition *de minimus* uses of physical force.
20  Id. at 9-10.
21    Prison officials have a duty to take reasonable steps to protect inmates from physical abuse.
22  *Hoptowit v. Ray*, 682 F.2d at 1250-51; *Farmer v. Brennan*, 511 U.S. 825, 833 (1994).  To establish a
23  violation of this duty, the prisoner must establish that prison officials were "deliberately indifferent
24  to a serious threat to the inmates's safety." *Farmer v. Brennan*, 511 U.S. at 834.  The deliberate
25  indifference standard involves an objective and a subjective prong.  First, the alleged deprivation
26  must be, in objective terms, "sufficiently serious." *Farmer v. Brennan*, 511 U.S. at 834(citing *Wilson*

5

*v. Seiter*, 501 U.S. 294, 298 (1991)). Second, the prison official must "know of and disregard an excessive risk to inmate health or safety." *Id*. at 837.

Supervisory personnel are generally not liable under section 1983 for the actions of their employees under a theory of *respondeat superior* and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978), *cert. denied*, 442 U.S. 941 (1979). To show a *prima facie* case of supervisory liability, plaintiff must allege facts indicating that supervisory defendants either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or implemented a policy "'so deficient that the policy itself "is a repudiation of constitutional rights" and is "the moving force of the constitutional violation."'" *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Although federal pleading standards are broad, some facts must be alleged to support claims under Section 1983. *See Leatherman v. Tarrant County Narcotics Unit*, 113 S.Ct. 1160, 1163 (1993).

The court finds that count 1 states a colorable Eighth Amendment excessive force and failure to protect claim against defendants Carroll, Gurres and Collier.

**C.     Count II**

In count II, plaintiff relies on the same facts alleged in count I, adding a claim that defendant Bengstrom watched with a sadistic smirk as defendant Gurres beat him. The court finds that count II states a colorable Eighth Amendment failure to protect claim against defendant Bengstrom.

**D.     Count III**

In count III, plaintiff alleges that defendants Singletary, May and Beng watched the beating by Gurres with sadistic smiles, indicating support. The court finds that count III states a colorable Eighth Amendment failure to protect claim against these defendants. Plaintiff also alleges that an enraged defendant Kelly ordered precipitated the further beating of plaintiff by ordering Gurres and

Patterson to "take him down." The court finds that count III states a colorable Eighth Amendment failure to protect claim against defendant Kelly. The court further finds that count III states a colorable Eighth Amendment excessive force claim against defendant Kelly based on supervisor liability.

### E.    Count IV

In count IV, plaintiff again alleges that defendants Mays, Beng, Singletary, and Kelly instigated the assault and along with defendants Beng and Bergstrom watched and approved of it. The court finds that plaintiff has stated a colorable Eighth Amendment failure to protect claim against each of these defendants.

### F.    Count V

In count V, plaintiff alleges that following the assault, he was placed on a motorized vehicle and transported through the yard, as a display to other inmates as to what could happen. Plaintiff alleges that Warden Benedetti "aprobates" and covers up all violence, assaults, and civil and human rights abuses including cases like this one. The court finds that plaintiff states a colorable Eighth Amendment excessive force and failure to protect claim against Warden Benedetti based on supervisory liability.

Plaintiff alleges that defendants Furcher and Sturm placed him in the shower for one hour, subjected him to a full body search and placed him in administrative segregation. He states that he has been denied most of his property and further medical help, but does not identify a defendant who is responsible for this. He further alleges that defendant Miller refuses to allow him on the yard, and that some defendants have been nasty to him. The court finds that these allegations do not state a colorable federal claim.

Finally, plaintiff alleges that after he instructed the other defendants to "take him down," defendant Kelly sprayed plaintiff in the face with mace at point blank range. The court finds that this allegation states a colorable Eighth Amendment excessive force claim against defendant Kelly.

### III. Conclusion

This action shall go forward on the colorable Eighth Amendment claims identified above.

**IT IS THEREFORE ORDERED** that the Clerk of the Court shall **FILE** the complaint. (Docket #1-1.)

**IT IS FURTHER ORDERED** that defendant Gomez is **DISMISSED** from this action without prejudice.

**IT IS FURTHER ORDERED** that defendants the Nevada Department of Corrections and the Nevada Department of Prisons are **DISMISSED** from this action with prejudice.

**IT IS FURTHER ORDERED** that all of plaintiff's Constitutional claims except those identified in this order as stating a colorable claim are **DISMISSED** for failure to state a claim.

**IT IS FURTHER ORDERED** that the Clerk shall **electronically serve a copy of this order, along with a copy of plaintiff's complaint, to the Office of the Attorney General of the State of Nevada, c/o Pamela Sharp, Supervising Legal Secretary, 100 North Carson St., Carson City, Nevada 89701-4717**.  The Attorney General shall advise the court within **twenty-one (21) days** of the date of entry of this order whether they can accept service of process for the named defendants and the last known address under seal of the defendants for which they cannot accept service.  If the Attorney General accepts service of process for any of the defendants, such defendant(s) shall file and serve an answer or other response to the complaint within **thirty (30) days** of the date of the notice of acceptance of service.

**IT IS FURTHER ORDERED** that the parties **SHALL DETACH, COMPLETE, AND FILE** the attached Notice of Intent to Proceed with Mediation form on or before **thirty (30) days** from the date of the entry of this order.

**IT IS FURTHER ORDERED** that henceforth, plaintiff shall serve upon defendants or, if an appearance has been entered by counsel, upon their attorney(s), a copy of every pleading, motion or

1 other document submitted for consideration by the court.  Plaintiff shall include with the original
2 paper submitted for filing a certificate stating the date that a true and correct copy of the document
3 was mailed to the defendants or counsel for defendants.  If counsel has entered a notice of
4 appearance, the plaintiff shall direct service to the individual attorney named in the notice of
5 appearance, at the address stated therein.  The court may disregard any paper received by a district
6 judge or magistrate judge which has not been filed with the Clerk, and any paper received by a
7 district judge, magistrate judge or the Clerk which fails to include a certificate showing proper
8 service.

        DATED this 1st day of July, 2010.

        _____
        SENIOR UNITED STATES DISTRICT JUDGE

```
_____
Name
_____
Prison Number (if applicable)
_____
Address
_____

_____
```

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

_____, )   Case No. _____
             Plaintiff,    )
                               )
v.                                )   **NOTICE OF INTENT TO**
                               )   **PROCEED WITH MEDIATION**
_____)
                               )
_____)
            Defendants.   )
_____)

      This case may be referred to the District of Nevada's early inmate mediation program. The purpose of this notice is to assess the suitability of this case for mediation. Mediation is a process by which the parties meet with an impartial court-appointed mediator in an effort to bring about an expedient resolution that is satisfactory to all parties.

1.    Do you wish to proceed to early mediation in this case? ____ Yes ____ No

2.    If no, please state the reason(s) you do not wish to proceed with mediation? _____

     _____

     _____

     _____

3.    List any and all cases, including the case number, that plaintiff has filed in federal or state court in the last five years and the nature of each case. (Attach additional pages if needed).

     _____

     _____

     _____

4.    List any and all cases, including the case number, that are currently pending or any pending

grievances concerning issues or claims raised in this case. (Attach additional pages if needed).

_____

_____

_____

_____

5.  Are there any other comments you would like to express to the court about whether this case is suitable for mediation.  You may include a brief statement as to why you believe this case is suitable for mediation.  (Attach additional pages if needed).

_____

_____

_____

_____

**This form shall be filed with the Clerk of the Court on or before thirty (30) days from the date of entry of this order.**

<u>Counsel for defendants</u>: By signing this form you are certifying to the court that you have consulted with a representative of the Nevada Department of Corrections concerning participation in mediation.

Dated this _____ day of _____, 2010.


_____
Signature


_____
Name of person who prepared or
helped prepare this document