```
                    UNITED STATES DISTRICT COURT
                         DISTRICT OF NEVADA
                           RENO, NEVADA

JASON ERIC SONNTAG,              )     3:09-cv-00637-ECR-VPC
                                 )
          Plaintiff,             )     MINUTES OF THE COURT
                                 )
vs.                              )     DATE: May 12, 2011
                                 )
KENNETH GURRIES, et. al.,        )
                                 )
          Defendants.            )
                                 )

PRESENT:      EDWARD C. REED, JR.              U. S. DISTRICT JUDGE

Deputy Clerk:    COLLEEN LARSEN       Reporter:     NONE APPEARING

Counsel for Plaintiff(s)              NONE APPEARING

Counsel for Defendant(s)              NONE APPEARING
```

MINUTE ORDER IN CHAMBERS

    Now pending are a number of motions. On October 28, 2010, Plaintiff filed a "Motion to Vacate Order by Conflicted Magistrate Judge Pursuant to FRCP 60b, FRCP 11, Fraud, Mistake, Motion for De Novo Review By Judge Reed Pursuant to FRCP, Request for Restraining Order Against Magistrate Valerie Cooke" ("Motion to Vacate")(#33). Plaintiff requests reconsideration of Magistrate Judge Cooke's Order (#29) denying Plaintiff's Motion to Consolidate (#21) this action with a case that was dismissed on March 11, 2010 for failure to state a claim upon which relief can be granted. On November 1, 2010, Defendants filed a Motion to Strike (#35) the Motion to Vacate (#33) on the basis that Magistrate Judge's Order (#29) denying Plaintiff's Motion to Consolidate (#21) is not an appealable order pursuant to Federal Rule of Civil Procedure 60(b), and Plaintiff's motion is immaterial and impertinent, and Plaintiff's request for a restraining order against Magistrate Judge Cooke because he disagrees with her rulings is entirely baseless.

    Plaintiff's Motion to Vacate (#33) is hereby **DENIED** because, as Magistrate Judge Cooke noted in her Order (#29), Plaintiff should "not be permitted to resurrect" a case that was affirmed upon appeal as raising questions that were entirely insubstantial, and because the Motion to Vacate (#33) is otherwise groundless.

Defendants' Motion to Strike (#35) is **GRANTED**.

On January 14, 2011, Plaintiff filed a motion for summary judgment (#55), which is not fully briefed and shall not be considered at this time. The response to the motion for summary judgment is due on or before May 30, 2011, in accordance with Magistrate Judge Cooke's Order (#74) granting Defendants' "Motion for Enlargement of Time in Which to Respond to Plaintiff's Motion for Summary Judgment" (#61).

On January 28, 2011, Magistrate Judge Cooke filed a Report and Recommendation (#58) recommending that the Court dismiss Defendants Patterson, Miller, Gibson, Beng, Collier, and Couzine because these Defendants were not properly served, and Plaintiff was given notice of the court's intention to dismiss these Defendants.  Plaintiff objected (#56) to that notice stating that he served these Defendants through the Deputy Attorney General, which does not constitute proper service pursuant to Federal Rule of Civil Procedure 4(m).  On February 8, 2011, Plaintiff filed a motion entitled "Alternative Reply to Defendants' Late Untimely Opposition to Order Denying Dismissal, Motion to Strike as Roguley [sic] Fugitive, Motion to Enter Summary Judgment for Plaintiff" ("Feb. 8 Motion") (## 63, 64).  It is unclear whether Plaintiff intended the Feb. 8 Motion to be, at least in part, an objection to the Report and Recommendation (#58), but Plaintiff did reiterate that the Defendants were served by Susan Lee on part of "all the Defendants."  Because the Report and Recommendation (#58) is well-taken, it is hereby **APPROVED** and **ADOPTED** and Defendants Patterson, Miller, Gibson, Beng, Collier and Couzine are **DISMISSED** from this action.

In response to Plaintiff's Feb. 8 Motion to Strike (#63), Defendants filed an Opposition (#66) stating that the Feb. 8 Motion "should be denied because it appears [Plaintiff] is moving to strike a pleading that does not exist."  (Opposition at 2 (#66).)  In the Feb. 8 Motion, Plaintiff requested that "the opposition to order to dismiss should be stricken" for redundancy.  (Feb. 8 Motion at 4 (#63).)  Defendants have not filed an opposition to any order to dismiss, and Plaintiff does not identify which document he is referring to.  Plaintiff's motion to strike (#63) is hereby **DENIED**.

Plaintiff further requests summary judgment as part of the Feb. 8 Motion, separately docketed as #64, which is redundant of his motion for summary judgment (#55), still pending and not fully briefed.  Defendants filed a "Motion to Strike Plaintiff's 'Motion to Enter Summary Judgment for Plaintiff'" (#67) pursuant to Federal Rule of Civil Procedure 12(f).  Plaintiff's motion for summary judgment (## 63, 64) is also almost identical to Plaintiff's "Petition for Entry of Summary Judgment and Writ of Execution" (#59), which was stricken by Magistrate Judge Cooke in her

Order (#84).  Plaintiff's first motion for summary judgment (#55) is still pending and not fully briefed, and Defendants have until May 30, 2011 to respond.  Therefore, Plaintiff's motion for summary judgment (#64) is hereby **STRICKEN** because it is redundant, and Defendants' motion to strike (#67) is **GRANTED**.

    On March 14, 2011, Plaintiff filed a "Motion for Judgment on Pleadings, Strike Motions of/to Rogue Conspiracy, Entry of Summary Judgment, Opposition to Defendants Moot Motions 70 & 71?" which is one document docketed as ## 76, 77, 78, 79.  Plaintiff claims that "he was never served the Defendants' motion, #61, for extension of time, as such it should be denied and stricken as frivolous and fraudulent."  Plaintiff does not set forth any basis upon which he could have successfully opposed the motion for extension of time (#61), and therefore his motion to strike (#77) that motion and the Order granting an extension of time (#74) is **DENIED**.  Furthermore, the motions for judgment and for summary judgment (##76, 78) are also redundant of numerous previous filings that have been stricken or denied, and shall each be **DENIED**.

    Plaintiff has filed several documents all purporting to be motions for summary judgment.  Plaintiff's first motion for summary judgment (#55) is pending.  Plaintiff is hereby admonished to refrain from filing additional motions for summary judgment that are redundant of the motion for summary judgment (#55).

                      LANCE S. WILSON, CLERK

                      By      /s/     
                          Deputy Clerk