**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

JASON ERIC SONNTAG,  )
                                              )
                                              )     3:09-cv-00637-ECR-VPC
        Plaintiff,               )
    v.                              )     **ORDER**
                                              )
KENNETH GURRIES, *et al.*,     )
                                              )     August 26, 2011
                                              )
       Defendants.             )
_____)

Before the court is defendants' motion for reconsideration (#123).[1] Defendants seek reconsideration of the court's July 29, 2011 Report and Recommendation (#121). For the reasons articulated below, the court denies defendants' motion (#123).

## I. HISTORY & PROCEDURAL BACKGROUND

This court issued a Report and Recommendation on July 29, 2011, which recommended, among other things, that the District Court deny in part defendants' motion for summary judgment and deny plaintiff's motion for summary judgment (#121). The court found that "[d]ue to procedural and evidentiary deficiencies in these motions for summary judgment, [it was] precluded from reaching most of the merits of the dispute." *Id.* at 4. Specifically, the court noted that plaintiff failed to include any evidence to support his summary judgment motion and defendants failed to authenticate all but one exhibit that they submitted to support their motion. *Id.* at 4-5. Addressing defendants' failure to authenticate its exhibits, the court noted:

> This is the court's third case in recent months in which counsel from the Attorney General's office has failed to authenticate evidence submitted in support of a motion for summary judgment or motion to dismiss. This practice renders the court unable to resolve disputes on the merits, which in turn slows the disposition of cases. Summary judgment is a tool designed to increase judicial efficiency by allowing undisputed cases to be resolved without incurring the expense and time required for trial, and defendants' counsels' chronic oversight frustrates the purpose of Rule 56.

*Id.* at 5.

---

[1] Refers to the court's docket number.

The court's Report and Recommendation also included the following standard language about the appropriate means by which parties may object to the Magistrate Judge's recommendations:

> Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

*Id.* at 6. Objections to the Report and Recommendation were due August 15, 2011. Defendants filed their motion for reconsideration on August 12, 2011 (#123), and plaintiff filed a motion to strike defendants' motion for reconsideration on August 19, 2011 (#125). Defendants filed an opposition to plaintiff's motion to strike (#126). Defendants did not file an objection to the Report and Recommendation.

Defendants now move this court to "accept the proffered missing authentication of exhibits submit [sic] herewith, reconsider the Motion for summary judgment including the authentications, and grant the Motion on reconsideration" (#123, p. 2). Defendants attach declarations from Lorin Taylor, Karen Walsh, and James Kelly all dated August 11, 2011 (#'s123-1, 123-2 & 123-3). Defendants state that these declarations were "inadvertently omitted from exhibits submitted in support of their Motion for summary judgment" (#123, p. 3). Defendants argue that because Local Rule 3-2(b) allows a District Judge to receive additional evidence in considering objections to a Report and Recommendation, by implication the Magistrate Judge is also able to consider additional evidence on a motion for reconsideration. *Id.* at 2-3. Defendants believe that reconsideration is warranted because the declarations were inadvertently omitted, failure to consider the exhibits attached to defendants' motion for summary judgment would prejudice defendants, and acceptance of the declarations would not prejudice plaintiff because he has an opportunity to oppose defendants' present motion. *Id.* at 3.

## II. DISCUSSION & ANALYSIS

**A.    Discussion**

   **1.    Motion to Reconsider an Interlocutory Order**

The Federal Rules of Civil Procedure do not contemplate reconsideration of interlocutory

2

orders. *See, e.g.,* Fed. R. Civ. P. 60(b) (specifying that this rule only applies to "a final judgment, order, or proceeding"). However, a district court "possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient" so long as it has jurisdiction. *City of L.A., Harbor Div. v. Santa Monica Baykeeper,* 254 F.3d 882, 885 (9th Cir. 2001). This plenary power derives from the common law, and is not limited by the provisions of the Federal Rules of Civil Procedure, so long as it is not exercised inconsistently with those rules. *See id.* at 886-87. Although several districts in the Ninth Circuit have adopted local rules governing reconsideration of interlocutory orders, *see Motorola, Inc., v. J.B. Rodgers Mechanical Contractors*, 215 F.R.D. 581, 583-85 (D. Ariz. 2003) (collecting examples), this court has not done so. Instead, it has utilized the standard for a motion to alter or amend judgment under Rule 59(e) when evaluating motions to reconsider an interlocutory order.

A motion to reconsider must set forth the following: (1) some valid reason why the court should revisit its prior order; and (2) facts or law of a "strongly convincing nature" in support of reversing the prior decision. *Frasure v. United States*, 256 F. Supp. 2d 1180, 1183 (D. Nev. 2003). Reconsideration may be appropriate if (1) the court is presented with newly discovered evidence, (2) has committed clear error, or (3) there has been an intervening change in controlling law. *Kona Enters., Inc. v. Estate of Bishop,* 229 F.3d 877, 890 (9th Cir. 2000). "There may also be other, highly unusual, circumstances warranting reconsideration." *School Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.,* 5 F.3d 1255, 1263 (9th Cir. 1993). A motion for reconsideration is properly denied where it presents no new arguments. *See Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985). By the same token, however, it "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enters., Inc.*, 229 F.3d at 890. As the case law indicates, motions to reconsider are granted sparingly. *See, e.g., School Dist. No. 1J,* 5 F.3d at 1263.

**B.     Analysis**

Defendants do not present a rationale for their motion to reconsider that is contemplated by the court in *Kona Enterprises, Inc.*, nor is this situation one of the "highly unusual[] circumstances warranting reconsideration" discussed by the court in *School Dist. No. 1J.* Rather, defendants

3

1  suggest that this court should reconsider their Report and Recommendation in light of the
2  declarations they now supply, which they inadvertently forgot to attach to their previous motion for
3  summary judgment. Defendants believe that failure to reconsider their motion for summary
4  judgment will prejudice them, while such reconsideration would not affect plaintiff.

5  First, the court is unclear as to why defendants elected to file a motion for reconsideration
6  instead of an objection to the Report and Recommendation pursuant to Local Rule 3-2. Defendants
7  offer no explanation for this decision. The deadline for filing such an objection has passed.
8  Additionally, the court clarifies that a Report and Recommendation is not a final judgment or order.
9  Rather, the District Court issues the final judgment or remands the case to the Magistrate Judge after
10 its *de novo* review of "those portions of the specified findings or recommendation to which
11 objections have been made." *See* LR 3-2(b). Therefore, as noted above, a Rule 60 motion for relief
12 from judgment is inapplicable in this case. Instead, the court will proceed with its analysis pursuant
13 to Rule 59(e).

14 Second, it would be more accurate for defendants to characterize their "inadvertence" as an
15 error. The declarations now supplied by defendants are dated August 11, 2011 - the day prior to the
16 submission of defendants' motion for reconsideration. Given this late date, it is evident that
17 defendants did not develop the declarations in preparation for their motion for summary judgment,
18 filed eight months ago, and inadvertently forget to attach them. Instead, it appears that defendants'
19 counsel simply forgot to prepare declarations to authenticate the evidence submitted, the court noted
20 this failure in its Report and Recommendation, and then defendants' counsel prepared the
21 declarations to support its present motion for reconsideration. Therefore, the court notes that
22 defendants do not present new evidence that was previously unavailable; rather, they present new
23 declarations intended to correct their previous error. Remedying parties' errors is plainly not the
24 objective of Rule 59(e).

25 Third, this circumstance is not unique in inmate litigation. As the court pointed out in its
26 Report and Recommendation, this is the third dispositive motion in recent history for which a lawyer
27 from the Attorney General's office has failed to authenticate his or her evidence. Similarly, inmate
28 plaintiffs often make such procedural or evidentiary errors, which is understandable given that they

4

most often represent themselves, *pro se*. For example, in the instant dispute the court denied plaintiff's motion for summary judgment because he failed to attach evidence to support his factual assertions. It would be unfair for the court to accommodate defendants' error by granting their motion to reconsider, while not offering the same opportunity to plaintiff. Clearly, a practice of allowing parties in inmate litigation to correct their procedural errors via motions to reconsider is untenable, as matters would plod along at painfully slow rate, clog the court's docket, and cause parties to wait unreasonable lengths of time for resolution of their cases. Therefore, the court finds that defendants' failure to attach declarations to their motion for summary judgment to authenticate their evidence does not warrant reconsideration.

### III. CONCLUSION

As motions for reconsideration should be granted sparingly and defendants have not presented any arguments to suggest that reconsideration is appropriate in this case, the court denies defendants' motion (#123). In light of this Order, plaintiff's motion to strike defendants' motion for reconsideration (#125) is moot.

**IT IS THEREFORE ORDERED** that defendants' motion for reconsideration (#123) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion to strike defendants' motion for reconsideration (#125) is **DENIED** as moot.

**IT IS SO ORDERED.**

**DATED**: August 26, 2011

_____
**UNITED STATES MAGISTRATE JUDGE**