**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JASON SONNTAG,           ) | 3:09-cv-00637-ECR-VPC |
|      Plaintiff,     ) | |
|               ) | |
| v.                ) | **REPORT AND RECOMMENDATION** |
|               ) | **OF U.S. MAGISTRATE JUDGE** |
| KENNETH GURRIES, *et al.,*    ) | |
|               ) | |
|      Defendants.    ) | March 27, 2012 |

This Report and Recommendation is made to the Honorable Edward C. Reed, Senior United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4. Before the court is defendants' second motion for summary judgment (#138).[1] Plaintiff opposed (#144)[2] and defendants replied (#145). Also before the court is plaintiff's motion to strike (#147), and defendants did not file an opposition. The court has thoroughly reviewed the record and recommends that defendants' motion for summary judgment (#138) be granted in part and denied in part. The court also recommends that plaintiff's motion to strike (#147) be denied.

## I. HISTORY & PROCEDURAL BACKGROUND

Plaintiff Jason Eric Sonntag ("plaintiff"), a *pro se* inmate, is currently incarcerated at Northern Nevada Correctional Center ("NNCC") in the custody of the Nevada Department of Corrections ("NDOC") (#146). Plaintiff brought his original action pursuant to 42 U.S.C. § 1983, alleging that prison officials employed excessive force against him and failed to protect him from

---

[1] Refers to the court's docket number. Defendants also filed exhibits *in camera* and under seal (#140, #141 (*sealed*)).

[2] Defendants' second motion for summary judgment (#138) was fully briefed pursuant to Local Rule 7-2. Nevertheless, plaintiff subsequently filed a document styled "Addendum to Opposition to Summary Judgment" (#155) in which he opposed defendants' motion. The court did not give plaintiff leave to file an addendum or supplemental opposition. Accordingly, the court only considers plaintiff's first opposition (#144).

such force in violation of the Eighth Amendment (#12).[3] Specifically, plaintiff alleges that defendant Gurries brutally attacked him on October 17, 2009, while other defendants assisted in, approved of, or ordered the attack. *Id.* The claims which remain after screening (#11) and after the court's ruling on defendants' first motion for summary judgment (#121)[4] are: (1) excessive force and failure to protect against defendants Carroll, Gurries, and Kelly; (2) failure to protect against defendant Mays; and (3) excessive force based on supervisory responsibility against defendant Kelly.[5]

In this case, it is undisputed that plaintiff's interaction with defendant Gurries began when defendant Gurries questioned plaintiff about a complaint filed by another inmate (#138, p. 4; #12, p. 3). It is also undisputed that at some point during this interview, plaintiff ended up lying on the ground and sustained an injury to the left side of his face (#138, Ex. H). However, plaintiff and defendants dispute what transpired between those events. It is not clear whether plaintiff complied with orders and why defendants used force which resulted in an injury to plaintiff. *Parker v. Asher*, 701 F.Supp. 192, 194 (D.Nev. 1988) (stating that the key inquiry under the Eighth Amendment is "the reason for the infliction of [the] injury"). It is wholly contested between the parties whether defendant Gurries acted maliciously towards plaintiff or whether defendants were attempting to maintain order and discipline.

**Count I - Excessive Force and Failure to Protect Claims Against Defendants Carroll and Gurries**

In count I, plaintiff alleges that on October 17, 2009, defendant Carroll instigated an attack against plaintiff in which defendant Gurries slammed plaintiff against a wall, handcuffed him, and banged his head against a wall six or seven times (#12, p. 4). Plaintiff claims that defendant Gurries dragged him into the rotunda where defendant Carroll watched and laughed at "the brutality and [his]

---

[3]     Plaintiff's Eighth Amendment claims are the only remaining claims after screening of his complaint pursuant to 28 U.S.C. § 1915A (#11).

[4]     This court denied defendants' first motion for summary judgment because: (1) there was a fundamental disagreement between the parties as to the nature of the force used; and (2) defendants failed to authenticate evidence attached to their motion for summary judgment (#121). The District Court judge adopted the recommendation (#135).

[5]     All other defendants have been dismissed from this action.

trauma" as defendant Gurries repeatedly beat him on the head. *Id*.

**Count III - Failure to Protect Claim Against Defendants Mays and Kelly; Excessive Force Claim Against Defendant Kelly**

In count III, plaintiff alleges that defendant Mays failed to protect plaintiff because he supported the "ensuing brutality and mayhem" when he watched and "sadistically smile[d]" as defendant Gurries beat plaintiff. *Id*. at 6. Plaintiff also claims that defendant Kelly failed to protect plaintiff and precipitated his beating by ordering Gurries to "take him down." *Id.* at 6. The court also found that plaintiff stated an Eighth Amendment excessive force claim against defendant Kelly based on supervisory liability (#11).

**Count IV - Failure to Protect Claim Against Defendants Mays and Kelly; Excessive Force Claim Against Defendant Kelly**

In count IV, plaintiff alleges that defendants Mays and Kelly failed to protect plaintiff because they instigated the assault, watched as it occurred, and approved of it (#12, p. 7). Plaintiff also alleges that defendant Kelly used excessive force when he sprayed plaintiff in the face with mace. *Id*. at 9.[6]

Defendants move for summary judgment on plaintiff's claims (#138). Defendants argue they are entitled to summary judgment because: (1) they did not subject plaintiff to cruel and unusual punishment by using excessive force and failing to protect him; (2) defendant Kelly cannot be held liable for the unconstitutional conduct of his subordinates; and (3) defendants are entitled to qualified immunity. *Id*. Defendants attach several documents in support of their motion for summary judgment, including an investigation report, notice of charges, offender information summary, disciplinary history report, administration regulation, information bulletin, medical report and records, and plaintiff's photographs. *Id*. at Exs. A-H.[7] The court notes that information bulletin #93-22 is not relevant to whether the use of force in this particular incident was reasonable under

---

[6]     The screening order states that plaintiff alleges in count V that defendant Kelly sprayed plaintiff in the face with mace; however, this allegation is contained in count IV of plaintiff's complaint (#12, p. 9).

[7]     Defendants submit Lorin Taylor's declaration authenticating exhibits A-F. Karen Walsh's declaration authenticates exhibit G. James Kelly's declaration authenticates plaintiff's photographs in exhibit H.

1    constitutional standards, because it could be the case that the standards permit force that the

2    Constitution does not.  Conversely, the use of force beyond what is permitted in that internal bulletin

3    would not constitute a constitutional violation simply because the bulletin did not permit it.

4    Defendants do not submit any affidavits regarding the events leading to this action.

5        Plaintiff opposes and largely restates the facts alleged in his complaint (#144).  Plaintiff

6    asserts that while he was handcuffed, defendant Gurries used "blunt force" against plaintiff.  *Id.* at

7    1.  Plaintiff claims that he is deaf but that he did "everything he could to cooperate" with defendants.

8    *Id.* at 2.  Plaintiff maintains that several defendants watched and laughed while defendant Gurries

9    beat plaintiff.  *Id.* at 4.  Plaintiff requests that the court strike defendants' second motion for

10   summary judgment as redundant and frivolous.  *Id.* at 5.  Plaintiff does not offer valid reasons for

11   why defendants' motion should be stricken.  As such, the court reviews defendants' second motion

12   for summary judgment.

13       Defendants reply that their motion for summary judgment should be granted because: (1)

14   plaintiff's opposition does not comply with Local Rule 56-1 because it does not contain a concise

15   statement of material facts not in dispute; and (2) plaintiff has failed to point to facts supported by

16   the record which demonstrate a genuine issue of material fact (#145).[8]

17       The court notes that the plaintiff is proceeding *pro se*.  "In civil rights cases where the

18   plaintiff appears *pro se*, the court must construe the pleadings liberally and must afford plaintiff the

19   benefit of any doubt."  *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988); *see*

20   *also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

21                            **II. PLAINTIFF'S MOTION TO STRIKE (#147)**

22       Plaintiff moves to strike docket numbers 136 and 137 (#147).  In docket number 136,

23   plaintiff filed a motion styled, "Order to Re-Amend Order by Judge Reed Pursuant to FRCP12(f),"

24

---

25          [8]    Defendants argue that they are entitled to summary judgment for plaintiff's failure to file

26   points and authorities in accordance with Local Rule 56-1, which states that "[m]otions for summary
     judgment and responses thereto shall include a concise statement setting forth each fact material to the

27   disposition of the motion, which the party claims is or is not genuinely in issue."  LR 56-1.  Notwithstanding
     the alleged deficiencies of plaintiff's opposition to the instant motion, the court addresses the merits of the

28   case.

1    requesting that the court reconsider its ruling that defendants may submit a second motion for

2    summary judgment (#136).  Defendants opposed plaintiff's motion (#137).  The court denied

3    plaintiff's motion to reconsider the District Court's order (#153), rendering plaintiff's instant motion

4    to strike documents 136 and 137 moot.  Moreover, plaintiff has not provided any persuasive reason

5    that the court should strike these documents.  The court recommends that plaintiff's motion to strike

6    (#147) be denied.

### III.  DISCUSSION & ANALYSIS

**A.    Discussion**

**1.    Summary Judgment Standard**

Summary judgment allows courts to avoid unnecessary trials where no material factual disputes exist.  *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994).  The court grants summary judgment if no genuine issues of material fact remain in dispute and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  The court must view all evidence and any inferences arising from the evidence in the light most favorable to the nonmoving party.  *Bagdadi v. Nazar*, 84 F.3d 1194, 1197 (9th Cir. 1996).  However, the Supreme Court has noted:

> [W]e must distinguish between evidence of disputed facts and disputed matters of professional judgment.  In respect to the latter, our inferences must accord deference to the views of prison authorities.  Unless a prisoner can point to sufficient evidence regarding such issues of judgment to allow him to prevail on the merits, he cannot prevail at the summary judgment stage.

*Beard v. Banks*, 548 U.S. 521, 530 (2006).  Where reasonable minds could differ on the material facts at issue, however, summary judgment should not be granted.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986).

The moving party bears the burden of presenting authenticated evidence to demonstrate the absence of any genuine issue of material fact for trial.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *see Orr v. Bank of America*, 285 F.3d 764, 773-74 (9th Cir. 2002) (articulating the standard for authentication of evidence on a motion for summary judgment).  Once the moving party has met its burden, the party opposing the motion may not rest upon mere allegations or denials in the pleadings, but must set forth specific facts showing that there exists a genuine issue for trial.

*Anderson*, 477 U.S. at 248. Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Celotex*, 477 U.S. at 322-23.

On summary judgment the court is not to weigh the evidence or determine the truth of the matters asserted, but must only determine whether there is a genuine issue of material fact that must be resolved by trial. *See Summers v. A. Teichert & Son, Inc.*, 127 F.3d 1150, 1152 (9th Cir.1997). Nonetheless, in order for any factual dispute to be genuine, there must be enough doubt for a reasonable trier of fact to find for the plaintiff in order to defeat a defendant's summary judgment motion. *See Addisu v. Fred Meyer, Inc.*,198 F.3d 1130, 1134 (9th Cir. 2000).

**B.    Analysis**

First, defendants argue that plaintiff has not presented a genuine issue of material fact regarding his excessive force or failure to protect claims (#138, p. 2). Next, defendants argue that defendant Kelly cannot be held liable for the conduct of his subordinates. *Id.* Lastly, defendants contend they are entitled to qualified immunity. *Id.* Plaintiff claims that the force used was excessive and that defendants failed to protect him from such force (#12, pp. 4, 6, 7, 9).

**1.    Excessive Force**

Where an inmate is claiming a violation of his Eighth Amendment right to be free from cruel and unusual punishment based on use of excessive force, the proper inquiry is whether the force resulted in the unnecessary and wanton infliction of pain or suffering. *Hudson v. McMillian*, 503 U.S. 1, 5 (1992). To determine whether the force used was wanton and unnecessary "the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Id.* at 7. In making this determination, the court considers the following factors: (1) the extent of the injury suffered by the inmate, (2) the need for application of force, (3) the relationship between that need and the amount of force used, (4) the threat reasonably perceived by the responsible officials, and (5) any efforts made to temper the severity of a forceful response. *Id.* (citing *Whitley v. Albers*, 475 U.S. 312, 321 (1986)). Moreover, there is no need for a showing of a serious injury as a result of the force, but the lack of

1    such an inquiry is relevant to the inquiry. *Id.* at 7-9; *see also Martinez v. Stanford*, 323 F.3d 1178,

2    1184 (9th Cir. 2003). The court must give deference to the prison officials when reviewing use of

3    force and cannot substitute its own judgment for the judgment of prison officials. *Whitley*, 475 U.S.

4    at 322. Unless the evidence supports a reliable inference of wantonness, the case should not go to

5    the jury. *Id.*

6            For summary judgment purposes, the court accepts the non-moving party's version of the

7    incident as true and determines whether the moving party is, nevertheless, entitled to judgment as

8    a matter of law. Further, where reasonable minds could differ on the material facts at issue,

9    summary judgment is not appropriate. *Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1905),

10   *cert. denied*, 516 U.S. 1171 (1996).

11           Plaintiff accuses defendants Carroll, Gurries, and Kelly of excessive force. Plaintiff also

12   alleges an excessive force claim against defendant Kelly based on supervisory responsibility.

13           **a.      Count I - Defendants Carroll and Gurries**

14           Plaintiff alleges in count I that defendant Carroll subjected him to excessive force when he

15   "instigated the assault" on plaintiff by calling operations and filing a complaint against plaintiff

16   based on false information (#12, pp. 3-4). Plaintiff also claims that defendant Carroll watched and

17   laughed while defendant Gurries beat plaintiff on the head. *Id.* Defendants contend that defendant

18   Carroll's sole participation was to search plaintiff's cell after the altercation between plaintiff and

19   defendants (#138, p. 9, #140, Ex. A, pp. 2, 5 (*sealed*)).

20           In his complaint and opposition, plaintiff states that defendant Carroll "perpetuated the

21   assault" when he called operations and filed a complaint against plaintiff based on false information

22   (#12, p. 3; #144, p. 2). This allegation fails to demonstrate that defendant Carroll acted in excessive

23   force against plaintiff. Further, plaintiff's claims that defendant Carroll laughed and watched while

24   defendant Gurries beat plaintiff do not demonstrate that defendant Carroll used wanton and

25   unnecessary force against plaintiff. *See Oltarzewski v. Ruggiero*, 803 F.2d 136, 139 (9th Cir. 1987)

26   (holding that verbal harassment is not sufficient to state a constitutional deprivation under section

27   1983). Plaintiff fails to set forth specific facts showing that there exists a genuine issue for trial and

28   the court recommends that summary judgment be granted in count I on plaintiff's claim of excessive

1  force against defendant Carroll.

2         Plaintiff further alleges in count I of his verified complaint that defendant Gurries grabbed

3  him, handcuffed him, and slammed his head against a wall six or seven times (#12, p. 4).  Plaintiff

4  claims that defendant Gurries repeatedly slammed his head against a wall and dragged him into the

5  rotunda where he continued to beat him on the head.  *Id*.; *see also Jones v. Blanas*, 393 F.3d 918,

6  923 (9th Cir. 2004) (explaining that where the plaintiff is *pro se*, the court must consider as evidence

7  on summary judgment contents of a verified pleading that are based on personal knowledge and set

8  forth facts admissible in evidence).  Plaintiff claims that Gurries used such "blunt force" that plaintiff

9  "almost lost consciousness" (#144, p. 3).  Defendants contend that defendant Gurries attempted to

10  escort plaintiff to administrative segregation and plaintiff resisted and became extremely combative

11  (#138, p. 10; #140, Ex. A, pp. 2-5 *(sealed)*).  Defendants state that plaintiff would not comply with

12  their orders and defendant Gurries "had to quickly spin around to his left dropping to the ground with

13  plaintiff in order to subdue him" (#140, Ex. A, p. 4).  Plaintiff disputes the defendants' recitation of

14  the facts and argues that he did "everything that he could do to cooperate" (#144, p. 2).  Moreover,

15  plaintiff's description of the extent of force used is factually different than that of the defendants

16  (#12, p. 4).

17         On a motion for summary judgment, even if a plaintiff's evidence is weak and does not

18  extend beyond his own testimony, it is not the court's role to weigh conflicting evidence or to make

19  credibility determinations.  *Summers*, 127 F.3d at 1152 ("The court must not weigh the evidence or

20  determine the truth of the matters asserted but must only determine whether there is a genuine issue

21  for trial.").  Viewing the evidence in the light most favorable to plaintiff, if defendant Gurries did

22  bang plaintiff's head against a wall six or seven times while plaintiff's hands were cuffed behind his

23  back, rendering plaintiff unconscious and causing injury to plaintiff's head, a reasonable jury could

24  conclude that defendant Gurries's actions constitute excessive force under the circumstances.[9]

25  _____

26         [9]      The Ninth Circuit has held that the reasonableness of force used is ordinarily a question of
   fact for the jury because such cases almost always turn on a jury's credibility determinations.  *See Liston v.*
27  *County of Riverside*, 120 F.3d 965, 976 n.10 (9th Cir. 1997); *see also See Robins v. Centinela State Prison*,
   No. 00-55227, 2001 WL 1108916, at *1 (9th Cir. Sept. 19, 2001) (holding that plaintiff's allegations that
28  officers slammed him against the wall while he was handcuffed raised questions of material fact as to his

1    Accordingly, plaintiff has set forth specific facts sufficient to raise a genuine issue for trial as to

2    whether the alleged force was carried out "maliciously and sadistically" rather than as part of a "good

3    faith effort to maintain or restore discipline." *Hudson*, 503 U.S. at 7.

4                         **b.      Counts III and IV - Defendant Kelly**

5            In count III of his complaint, plaintiff alleges that defendant Kelly's orders precipitated

6    defendant Gurries's continued beating of plaintiff and that defendant Kelly is liable based on

7    supervisory liability (#12, pp. 6-7).  In particular, plaintiff alleges that defendant Kelly told defendant

8    Gurries to "take [plaintiff] down." *Id*. at 6.  Defendants contend that defendant Kelly's subordinates

9    did not behave unconstitutionally when they used force on plaintiff (#138, p. 14).

10           There is no respondeat superior liability under section 1983.  *See Monell v. Dep't of Soc.*

11   *Servs.*, 436 U.S. 658, 692 (1978).  A supervisor can be held liable under section 1983 without

12   committing the act himself or even being present when another commits it, but only if he directly

13   sets into motion the particular violation or refuses to stop actions of which he is or should be aware.

14   *See Starr v. Baca*, 652 F.3d 1202, 1205-07 (9th Cir. 2011).  The Ninth Circuit recently held that a

15   plaintiff needs to plead sufficient facts to plausibly suggest that a supervisor had "knowledge of" and

16   "acquiescence in" the unconstitutional conduct of his subordinates.  *Hydrick v. Hunter*, No. 03-

17   56712, 2012 WL 89157 (9th Cir. Jan. 12, 2012).

18           Because the court determined that issues of material fact are in dispute regarding whether

19   defendant Gurries used excessive force "maliciously and sadistically," the court cannot find that

20   defendant Kelly is entitled to judgment as a matter of law.  In his verified complaint, plaintiff claims

21   that defendant Kelly knew of and acquiesced to unconstitutional conduct when he "order[ed] Gurries

22   . . . 'take him down'" (#12, p. 6).  Plaintiff alleges that after defendant Kelly's order, defendant

23   Gurries violently attacked plaintiff. *Id*.  Plaintiff satisfies the requirements of *Hydrick* by alleging

24   a specific event instigated by defendant Kelly that led to the purportedly excessive force.  Plaintiff

25   has set forth facts showing that there exists a genuine issue for trial as to whether defendant Kelly

26   is liable as a supervisor for defendant Gurries's alleged excessive force.

27   _____

28   excessive force claim).

9

1    In count IV, plaintiff alleges that defendant Kelly subjected him to excessive force when he

2    "pulled out a can of mace and sprayed [plaintiff] in the face" (#12, p. 9).  Defendants assert that

3    defendant Kelly held a gas canister to plaintiff's face after plaintiff refused to comply with orders,

4    but did not release gas from the canister (#138, p. 12; #140, Ex. A, p. 2 (*sealed*)).  Plaintiff states in

5    his verified complaint and opposition that defendant Kelly sprayed plaintiff "point blank" in the face

6    with mace "causing retina bleeding which exists to this day" (#12, p. 9; #144, p. 8).  Defendants do

7    not submit defendant Kelly's affidavit regarding this incident.

8    Whether or not defendant Kelly sprayed plaintiff in the face with mace is a central factual

9    issue in the excessive force claim that cannot be resolved based on the record before the court today.

10   The court notes that it would have to dismiss or discredit plaintiff's complaint to grant summary

11   judgment for defendant on this issue and it is not the court's role to weigh conflicting evidence or

12   to make credibility determinations.  *Summers*, 127 F.3d at 1152.  Therefore, summary judgment is

13   inappropriate at this point and the court recommends that defendants' motion for summary judgment

14   on this claim in count IV be denied.

15             **2.      Failure to Protect**

16   Prison officials have a duty to take reasonable steps to protect inmates from physical abuse.

17   *Farmer v. Brennan*, 511 U.S. 825, 833 (1994).  To establish a violation of this duty, the prisoner

18   must establish that prison officials were "deliberately indifferent to a serious threat to the inmate's

19   safety." *Id.* at 834.  The failure of prison officials to protect inmates from attacks by other inmates

20   may rise to the level of an Eighth Amendment violation when: (1) the deprivation alleged is

21   "objectively, sufficiently serious" and (2) the prison officials had a "sufficiently culpable state of

22   mind," acting with deliberate indifference.  *Id.* at 834; *see also Wallis* v. *Baldwin*, 70 F.3d 1074,

23   1076 (9th Cir. 1995).  Thus, "there is both an objective and subjective component to an actionable

24   Eighth Amendment violation."  *Clement v. Gomez*, 298 F.3d 898, 904 (9th Cir. 2002).

25   The objective standard requires that "the deprivation alleged must be 'sufficiently serious.'"

26   *Id.* at 834 (*quoting Wilson v. Seiter*, 501 U.S. 294, 298 (1991)).  "What is necessary to show

27   sufficient harm for the purposes of the Cruel and Unusual Punishment Clause depends on the claim

28   at issue."  *Hudson*, 503 U.S. at 8.  "The objective component of an Eighth Amendment claim is . .

1    . contextual and responsive to contemporary standards of decency." *Id.*

2    The subjective standard of deliberate indifference requires "more than ordinary lack of due

3    care for the prisoner's interests or safety." *Farmer*, 511 U.S. at 835 (*quoting Whitley v. Albers*, 475

4    U.S. 312, 319 (1986)).  The requisite state of mind lies "somewhere between the poles of negligence

5    at one end and purpose or knowledge at the other." *Id.* at 836.  Mere negligence on the part of prison

6    staff is not sufficient to prove deliberate indifference.  *Id.*  Essentially, acting or failing to act with

7    deliberate indifference is "the equivalent of recklessly disregarding" a substantial risk of serious

8    harm to the inmate.  *Id.*

9    To prove deliberate indifference, the plaintiff must show that the prison official knew of and

10   disregarded "an excessive risk to inmate health or safety; the official must both be aware of facts

11   from which the inference could be drawn that a substantial risk of serious harm exists, and he must

12   also draw the inference." *Id.* at 837.  The plaintiff need not prove that the official believed the harm

13   would actually befall the inmate; "it is enough that the official acted or failed to act despite his

14   knowledge of a substantial risk of serious harm." *Id.* at 842.

15   Whether a prison official had the requisite state of mind is a question of fact, "subject to

16   demonstration in usual ways, including inference from circumstantial evidence . . . and a fact finder

17   may conclude that a prison official knew of a substantial risk from the very fact that the risk was

18   obvious." *Id.*  An official will not escape liability if he has "refused to verify underlying facts that

19   he strongly suspected to be true, or declined to confirm inferences of risk that he strongly suspected

20   to exist." *Id.* at 843, n.8.  Conversely, prison officials may show that they are not liable because they

21   did not know "the underlying facts indicating a sufficiently substantial danger, or that they knew the

22   underlying facts but believed (albeit unsoundly) that the risk to which the facts gave rise was

23   insubstantial or nonexistent." *Id.* at 844.  A court should not rely solely on the fact that a prisoner

24   failed to notify prison officials of a risk of harm, but instead should look to whether the prisoner has

25   established the prison official's awareness through other relevant evidence.  *Id.* at 848 (explaining

26   that "the failure to give advance notice is not dispositive").

27   Plaintiff claims that defendants Carroll, Gurries, Mays, and Kelly failed to protect him or

28   intervene in the alleged incident of excessive force.

11

### a.   Count I - Defendants Carroll and Gurries

In count I, plaintiff alleges that defendant Carroll failed to protect him when he "instigated the assault" on plaintiff and filed a complaint against plaintiff based on false information (#12, pp. 2, 4).  To the extent plaintiff argues that the act of calling operations and filing a complaint against plaintiff based on false information constitutes a failure to protect, his allegations do not raise a triable issue of material fact because plaintiff does not sufficiently explain how defendant "acted or failed to act despite his knowledge of a substantial risk of serious harm." *Farmer*, 511 U.S. at 842. There is no evidence that defendant Carroll knew of a substantial risk of serious harm to plaintiff or that defendant Carroll filed a false complaint about plaintiff.

However, plaintiff also claims that defendant Carroll watched and laughed as defendant Gurries brutally beat plaintiff (#12, p. 4).  Defendants contend that glaring is not unreasonable and does not constitute a failure to protect (#138, p. 9).  First, the facts which plaintiff alleges suggest that the deprivation alleged was "sufficiently serious." *Clement*, 298 F.3d at 834.  Plaintiff claims that the beating caused bruising and welts, and caused him to lose control of his bladder (#12, p. 4). Further, the photographs defendants submit show that plaintiff suffered an injury and bleeding as a result of the force (#138, Ex. H); *see also Hudson*, 503 U.S. at 7 (holding that the extent of injury is a factor in determining whether the force was excessive).  Second, if the facts as plaintiff alleges them are true, defendant Carroll would have known that this attack posed a serious risk to plaintiff's safety. *Farmer*, 511 U.S. at 842 (holding that a "fact finder may conclude that a prison official knew of a substantial risk from the very fact theat the risk was obvious."); *see also Robins v. Meecham*, 60 F.3d 1436, 1439 (9th Cir. 1995) (holding that failure of officers to intervene in an alleged Eighth Amendment violation suggests that the officials actually wanted the prisoner to suffer the harm). Moreover, defendant Carroll does not submit an affidavit regarding these allegations.  There is a material factual dispute concerning whether defendant Carroll knew of and disregarded plaintiff's risk of harm when he watched and laughed during this alleged incident of excessive force.  The court recommends defendants' motion for summary judgment as to this claim in count I be denied.

Plaintiff also alleges in count I that defendant Gurries failed to protect plaintiff when he grabbed him and slammed him against the wall (#12, p. 4).  Defendants claim that plaintiff's

1    behavior necessitated the use of force (#138, pp. 10-11).  Taking plaintiff's allegations as true as

2    discussed above, a triable issue exists as to whether defendant Gurries deemed the risk involved

3    insubstantial or whether he disregarded the risk to plaintiff's safety in an attempt to punish plaintiff.

4    The court recommends that defendants' motion for summary judgment on this claim in count I be

5    denied.

6            **b.    Count III - Defendants Mays and Kelly**

7            In count III, plaintiff alleges that defendant Mays failed to protect plaintiff when he watched

8    the beating with a "sadistic smile" (#12, p. 6).  Defendants contend that defendant Mays did not

9    arrive on the scene until after plaintiff had been restrained (#138, p. 13; #140, Ex. A, p. 2 (*sealed*)).

10   Defendants cite to plaintiff's investigation detail report in support of this contention.  However,

11   review of the report reveals that defendant Mays was present during this alleged incident of

12   excessive force and that "while the interview was going on officer Mays call[ed] the medical

13   department" (#140, Ex. A, p. 3 (*sealed*)).  Moreover, in his verified complaint, plaintiff claims that

14   defendant Mays was present and failed to act to protect plaintiff.  While defendant Mays eventually

15   called the medical department, triable issues of material fact exist as to whether he failed to intervene

16   during the alleged incident.  *See Robins*, 60 F.3d at 1439 (holding that failure of officers to intervene

17   in an alleged Eighth Amendment violation suggests that the officials actually wanted the prisoner

18   to suffer the harm) citing *Del Raine v. Williford*, 32 F.3d 1024, 1038 (7th Cir. 1994).

19           In count III, plaintiff alleges that after defendant Gurries beat plaintiff and smashed his head

20   into a wall, defendant Kelly precipitated the beating by ordering Gurries to "take [plaintiff] down"

21   (#12, p. 6).  Defendants contend that plaintiff caused a disturbance and did not comply with orders

22   (#138, p. 12).  As previously discussed, there remains a triable issue of material fact regarding

23   whether plaintiff complied with orders and whether the force used was excessive.  Defendants have

24   not submitted an affidavit stating that defendant Kelly could not have prevented the harm to plaintiff

25   or that he even disagreed with defendant Gurries's actions.  The court recommends defendants'

26   motion for summary judgment on a failure to protect claim against defendant Kelly in count III be

27   denied because a triable issue exists as to whether defendant Kelly deemed the risk insubstantial or

28   whether he disregarded the risk to plaintiff's safety when he ordered Gurries to take plaintiff down.

1                        **c.      Count IV - Defendants Mays and Kelly**

2              In count IV, plaintiff alleges that defendant Mays failed to protect him when he "instigated

3    the bloody assault" and watched as plaintiff "fell head first onto the floor" (#12, p. 7).  The

4    allegations in count IV are nearly identical to those in count III against defendant Mays as discussed

5    above.  Taking the allegations in plaintiff's verified complaint as evidence, plaintiff sufficiently

6    alleges that defendants Mays was present and failed to protect him from harm.  Defendants have not

7    met their burden of demonstrating that no triable issue of material fact exists as to whether defendant

8    Mays was present and failed to protect plaintiff.  Defendants have not submitted an affidavit stating

9    that defendant Mays could not protect plaintiff or that he even disagreed with the alleged beating.

10             In count IV, plaintiff claims that defendant Kelly failed to protect plaintiff because he

11   watched and approved of the alleged assault (#12, p. 7).  Defendants contend that use of force was

12   appropriate because plaintiff failed to comply with orders (#138, pp. 12-13).  As previously

13   discussed, there remains a triable issue of material fact regarding whether plaintiff complied with

14   orders or not and whether or not the force used was excessive.  If the facts plaintiff alleges are true,

15   the deprivation was sufficiently serious and defendant Kelly should have known of a substantial risk

16   to plaintiff.  A triable issue exists as to defendant Kelly's deliberate indifference, and therefore

17   summary judgment is not appropriate as to this claim in count IV.

18                       **3.      Qualified Immunity**

19             Defendants argue they are entitled to qualified immunity because they could not have known

20   that the force used under the circumstances was excessive (#138, p. 15).  As discussed above, triable

21   issues of material fact remain as to whether defendants Gurries and Kelly acted in excessive force

22   against plaintiff.  Further, triable issues of material fact remain as to whether defendants Carroll,

23   Gurries, Mays, and Kelly were deliberately indifferent to plaintiff's safety.  Now, the court turns to

24   the issue of qualified immunity.

25             "The doctrine of qualified immunity protects government officials from liability for civil

26   damages insofar as their conduct does not violate clearly established statutory or constitutional rights

27   of which a reasonable person would have known." *Clouthier v. County of Contra Costa*, 591 F.3d

28   1232, 1240 (9th Cir. 2010) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 73

L.Ed. 2d 396 (1982)).  "In considering a claim of qualified immunity, the court must determine 'whether the facts that plaintiff has alleged . . . make out a violation of a constitutional right,' and 'whether the right at issue was clearly established at the time of the defendant's alleged misconduct.'"  *Id.*  (quoting *Pearson v. Callahan*, 555 U.S. 223, 129 S.Ct. 808, 815 (2009)).  Whether a right is clearly established turns on the "objective legal reasonableness of the action, assessed in light of the legal rules that were clearly established at the time it was taken."  *Id.*  "[A]ll but the plainly incompetent or those who knowingly violate the law have immunity from suit; officers can have a reasonable, but mistaken, belief about the facts or about what the law requires in any given situation."  *Id.*

When analyzing a claim of qualified immunity, the court must view the facts in the light most favorable to plaintiff.  *Saucier v. Katz*, 533 U.S. 194, 201 (2001).  Here, when viewing the facts in the light most favorable to plaintiff, defendant Gurries beat plaintiff and slammed his head on a wall five or six times, despite the fact that plaintiff maintains he complied with orders.  Plaintiff claims defendant Kelly employed excessive force when he sprayed plaintiff in the face with mace.  Plaintiff alleges that defendants Carroll, Gurries, Mays, and Kelly failed to protect him despite an obvious risk of substantial harm.  Accordingly, the court finds that plaintiff has presented claims of excessive force and a failure to protect under the facts alleged.[10]

The general law concerning excessive force was clearly established at the time of the events alleged in plaintiff's complaint.  *See Hudson,* 503 U.S. at 6-8 (use of excessive force against prisoner violates Eighth Amendment even when plaintiff suffers no significant injury); *see also Whitley*, 475 U.S. 312 (1986) (unnecessary and wanton infliction of pain against prisoner violates Eighth Amendment).  The law concerning a failure to protect was also clearly established.  *See, generally, Farmer v. Brennan*, 511 U.S. 825 (1994).  A reasonable officer would be on notice that these acts would violate the Eighth Amendment.

Upon resolution of factual issues, defendants may be relieved of liability; however, if

---

[10]     The inquiry as to whether defendants are entitled to qualified immunity for the use of excessive force is the same as the inquiry on the merits of the excessive force claim. *See Scott v. Henrich*, 39 F.3d 912, 914 (9th Cir. 1994), *cert. denied*, 515 U.S. 1159.

1  plaintiff's version of events were to prevail at trial, a jury might decide that the conduct alleged

2  amounted to Eighth Amendment violations.  Under such circumstances, the alleged actions are not

3  protected by qualified immunity.  The court recommends defendants' motion for summary judgment

4  based on qualified immunity be denied.

5  ## IV.  CONCLUSION

6  The court recommends that defendants' motion for summary judgment (#138) be granted in

7  part and denied in part.  Based on the foregoing and for good cause appearing, the court concludes

8  that no genuine issue for trial remains as to plaintiff's claim of excessive force against defendant

9  Carroll in count I.  However, defendants' motion for summary judgment should be denied as to the

10  following claims because there are genuine issues of material fact in dispute: (1) count I excessive

11  force and failure to protect against defendant Gurries and failure to protect against defendant Carroll;

12  (2) count III excessive force against defendant Kelly based on supervisory liability and failure to

13  protect against defendants Mays and Kelly; and (3) count IV excessive force against defendant Kelly

14  and failure to protect against defendants Mays and Kelly.  The parties are advised:

15  1.  Pursuant to 28 U.S.C.  § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice,

16  the parties may file specific written objections to this Report and Recommendation within fourteen

17  days of receipt.  These objections should be entitled "Objections to Magistrate Judge's Report and

18  Recommendation" and should be accompanied by points and authorities for consideration by the

19  District Court.

20  2.  This Report and Recommendation is not an appealable order and any notice of appeal

21  pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

22  ## V.  RECOMMENDATION

23  **IT IS THEREFORE RECOMMENDED** that defendants' motion for summary judgment

24  (#138) be granted in part and denied in part as follows:

25  (1) defendants' motion for summary judgment on plaintiff's claim of excessive force claim

26  in count I against defendant Carroll be **GRANTED**; and

27

28

1    (2) defendants' motion for summary judgment on all other claims in counts I, III, and IV be

2    **DENIED**.

3         **IT IS FURTHER RECOMMENDED** that plaintiff's motion to strike (#147) be **DENIED**.

4    **DATED**: March 27, 2012.

5

6    _____

     **UNITED STATES MAGISTRATE JUDGE**

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28