**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

|  |  |
|---|---|
| JASON ERIC SONNTAG,           )<br>                                              )<br>            Plaintiff,              )<br>                                              )<br>      v.                                  )<br>                                              )<br> KENNETH GURRIES, *et al.,*  )<br>                                              )<br>            Defendants.            )<br>_____ ) | 3:09-cv-00637-RCJ-VPC<br><br>**REPORT AND RECOMMENDATION<br>OF U.S. MAGISTRATE JUDGE**<br><br>June 6, 2013 |

This Report and Recommendation is made to the Honorable Robert C. Jones, Chief United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4. Before the court is plaintiff's motion for summary judgment (#189).[1] Defendants opposed (#190) and plaintiff replied (#192). The court has thoroughly reviewed the record, and recommends that plaintiff's motion for summary judgment (#189) be denied.

### I.   HISTORY AND PROCEDURAL BACKGROUND

Plaintiff Jason Eric Sonntag ("plaintiff"), a *pro se* inmate, was incarcerated at the Northern Nevada Correctional Center ("NNCC") in the custody of the Nevada Department of Corrections ("NDOC") at the time he filed his original action. Plaintiff has subsequently been released from prison and now resides in Nevada. Plaintiff brought his original action pursuant to 42 U.S.C. § 1983, alleging that prison officials used excessive force against him and failed to protect him in

---

[1]      Refers to the court's docket numbers.

-1-

violation of the Eighth Amendment (#12).[2] Specifically, plaintiff alleges that defendant Gurries brutally attacked him on October 17, 2009, while other defendants assisted in, approved of, or ordered the attack. *Id.* The claims that remain after the court screened plaintiff's complaint (#11), ruled on defendants' first motion for summary judgment (#121),[3] and ruled on defendants' second motion for summary judgment (#156),[4] are as follows: (1) excessive force and failure to protect against defendant Gurries, and failure to protect against defendant Carroll (Count I); (2) excessive force against defendant Kelly based on supervisory liability, and failure to protect against defendants Mays and Kelly (Count III); and (3) excessive force against defendant Kelly, and failure to protect against defendants Mays and Kelly (Count IV) (#161).

On January 23, 2013, plaintiff filed the motion for summary judgment which is currently before the court (#189).[5] Plaintiff alleges that defendant Gurries approached plaintiff from behind, grabbed him, and threw him up against the wall. *Id.* at 5-6. Thereafter, defendant Gurries "yanked plaintiff's arms up in the middle of his back, causing extreme pain" and "put the handcuffs on so tight that the blue contusions remained [for] 3 days." *Id.* Finally, defendant Gurries beat plaintiff's head against the wall, "causing blunt force trauma and a concussion." *Id.* Plaintiff requests

---

[2] Plaintiff's Eighth Amendment claims are the only remaining claims after the court screened his complaint pursuant to 28 U.S.C. § 1915A (#11).

[3] The court denied defendants' first motion for summary judgment because: (1) there was a fundamental disagreement between the parties as to the nature of the force used; and (2) defendants failed to authenticate evidence attached to their motion for summary judgment (#121; #135).

[4] The court granted in part and denied in part defendants' second motion for summary judgment (#156; #161). The court granted defendants' motion as to plaintiff's excessive force claim against defendant Carroll (#156, p. 16; #161, p. 2). However, the court denied defendants' motion as to the following claims: (1) excessive force and failure to protect against defendant Gurries, and failure to protect against defendant Carroll (count I); (2) excessive force against defendant Kelly based on supervisory liability, and failure to protect against defendants Mays and Kelly (count III); and (3) excessive force against defendant Kelly, and failure to protect against defendants Mays and Kelly (count IV). *Id.*

[5] The court notes that plaintiff has filed ten prior motions, each seeking summary judgment relief utilizing creative titling (#30; #40; #41; #55; #59; #64; #76; #78; #94; #189). The court has previously warned plaintiff that the District Court rules do not permit parties to file redundant documents (#86, p. 3; #121, p. 1, n.2), and has admonished plaintiff that if he continued to file duplicative and redundant motions, these future filings would be stricken from the record *sua sponte* (#154, p. 1).

summary judgment in his favor, as "a trial would be a waste of time and money."[6] *Id.* at 10. Plaintiff also requests "leave for his deposition prior to trial," as well as court ordered co-counsel. *Id.* at 7, 10.

Defendants oppose plaintiff's motion for summary judgment on the grounds that: (1) plaintiff's motion is untimely; and (2) plaintiff fails to cite to any legal authority and fails to provide any evidence to support his motion (#190, p. 2). Defendants also point out that the court has already determined that there is a genuine issue of material fact regarding whether the force used by defendants was excessive (#156, p. 16), rendering plaintiff's motion for summary judgment moot (#190, p. 2).

Plaintiff replies that the court should deny defendants' "frivolous" Fed.R.Civ.P. 12(f) motion to strike; strike defendants' pre-trial order as unqualified hearsay; and sanction Deputy Attorney General Kaitlyn Miller for "operating a rogue conspiracy to cover up and defraud plaintiff from his meritorious claims" (#189, p. 2).

## II. LAW & ANALYSIS

### A. RELEVANT LAW

#### 1. 42 U.S.C. § 1983

Title 42 U.S.C. § 1983 "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights." *Conn v. Gabbert,* 526 U.S. 286, 290 (1999). Section 1983 does not offer any substantive rights, but provides procedural protections for federal rights granted elsewhere. *Albright v. Oliver,* 510 U.S. 266, 271 (1994). To prove liability under § 1983, a plaintiff must: (1) show that a person acting under color of state law engaged in some type of conduct, which (2) deprived the plaintiff of some right, privilege or immunity secured

---

[6] The court notes that plaintiff has not attached any documents to support his motion for summary judgment.

by the Constitution or federal statutory law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overturned on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986).

### 2. Summary Judgment Standard

Summary judgment allows courts to avoid unnecessary trials where there are no factual disputes. *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). The court will grant summary judgment if no genuine issues of material fact remain in dispute and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). The court must view all evidence and any inferences arising from the evidence in the light most favorable to the nonmoving party. *Bagdadi v. Nazar*, 84 F.3d 1194, 1197 (9th Cir. 1996). However, the Supreme Court has noted:

> [W]e must distinguish between evidence of disputed facts and disputed matters of professional judgment. In respect to the latter, our inferences must accord deference to the views of prison authorities. Unless a prisoner can point to sufficient evidence regarding such issues of judgment to allow him to prevail on the merits, he cannot prevail at the summary judgment stage.

*Beard v. Banks*, 548 U.S. 521, 530 (2006) (internal citations omitted). Where reasonable minds could differ on the material facts at issue, however, summary judgment should not be granted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986).

The moving party bears the burden of informing the court of the basis for its motion, and submitting authenticated evidence to demonstrate the absence of any genuine issue of material fact for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *see Orr v. Bank of America*, 285 F.3d 764, 773-74 (9th Cir. 2002). Once the moving party has met its burden, the party opposing the motion may not rest upon mere allegations or denials in the pleadings, but must set forth specific facts showing the existence of a genuine issue for trial. *Anderson*, 477 U.S. at 248. Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery, against a party who

fails to make a showing sufficient to establish the existence of an element essential to that party's case, and upon which that party will bear the burden of proof at trial. *Celotex*, 477 U.S. at 322-23.

On summary judgment the court is not to weigh the evidence or determine the truth of the matters asserted, but must only determine whether there is a genuine issue of material fact that must be resolved by trial. *See Summers v. A. Teichert & Son, Inc.*, 127 F.3d 1150, 1152 (9th Cir. 1997). Nonetheless, in order for any factual dispute to be genuine, there must be enough doubt for a reasonable trier of fact to find for the plaintiff in order to defeat a defendant's summary judgment motion. *See Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1134 (9th Cir. 2000).

**B. ANALYSIS**

The court finds that plaintiff is not entitled to summary judgment in his favor. First, plaintiff's motion was untimely. The dispositive motion deadline was October 31, 2012 (#164). However, plaintiff filed his motion for summary judgment on January 23, 2013 (#189). Thus, the court may deny plaintiff's motion on this ground alone.

Second, plaintiff has submitted no evidence in support of his motion for summary judgment, in violation of Fed.R.Civ.P. 56(c)(1). Accordingly, plaintiff has not met his initial burden of demonstrating the *absence* of any genuine issue of material fact for trial. *See Celotex*, 477 U.S. at 323; *Orr*, 285 F.3d at 773-74 (moving party bears the burden of informing the court of the basis for its motion and submitting authenticated evidence to demonstrate the absence of any genuine issue of material fact for trial). Plaintiff simply states that summary judgment is appropriate because "a trial would be a waste of time and money" (#189, p.10). This conclusory statement does not demonstrate the *absence* of any genuine issues of material fact in the remaining claims.

Third, plaintiff is essentially utilizing his moving papers as a forum for verbally abusing prior counsel and this court (#190), while offering no justifiable reason to grant his motion. The court has

previously found that the remaining claims contain several genuine issues of material fact (#161),[7] rendering summary judgment inappropriate. *See Anderson*, 477 U.S. at 251 (where reasonable minds could differ on the material facts at issue, summary judgment should not be granted). Accordingly, the court recommends that plaintiff's motion for summary judgment (#189) be denied.

Although not within the court's purview in a summary judgment motion, the court will address plaintiff's remaining requests. Plaintiff's request for "leave for his deposition" prior to trial has not been briefed and is not properly the subject of a summary judgment motion.[8] Similarly, plaintiff's request for court ordered co-counsel has not been briefed and is not within the purview of a summary judgment motion. Curiously, these requests are internally inconsistent with plaintiff's stated position that a "trial would be a waste of time and money" (#189, p. 10). Thus, the court denies plaintiff's request for leave to take his deposition and plaintiff's request for court ordered co-counsel.

In plaintiff's reply, he also asks the court to: (1) deny defendants' frivolous Fed.R.Civ.P. 12(f) motion to strike; (2) strike defendants' pre-trial order as unverified hearsay; and (3) sanction Deputy Attorney General Kaitlyn Miller for "operating a rogue conspiracy to cover up and defraud plaintiff from his meritorious claims" (#192, p. 2).

First, the court notes that defendants' opposition does not include a 12(f) motion to strike. Federal Rule of Civil Procedure 12(f) governs the court's ability to strike from a pleading an insufficient defense or any redundant matter *sua sponte* or on motion by a party before responding to a pleading or within twenty-one (21) days of being served with the pleading. Fed.R.Civ.P. 12(f).

---

[7] In the court's March 27, 2013, Report and Recommendation, the court noted that the following claims present genuine issues of material fact for trial: (1) excessive force and failure to protect against defendant Gurries, and failure to protect against defendant Carroll (count I); (2) excessive force against defendant Kelly based on supervisory liability, and failure to protect against defendants Mays and Kelly (count III); and (3) excessive force against defendant Kelly, and failure to protect against defendants Mays and Kelly (count IV) (#156, p. 16).

[8] The court also notes that discovery in this case closed on October 1, 2012 (#164).

Defendants' opposition merely points out that plaintiff failed to submit any evidence in support of his motion for summary judgment, as required by Fed.R.Civ.P. 56(c)(1) (#190, p. 2). Because defendants' opposition does not contain a 12(f) motion to strike, the court denies plaintiff's request.

Second, plaintiff's request to strike defendants' pre-trial order has not been briefed and is not properly the subject of a summary judgment motion. Plaintiff has offered no valid reasons to strike defendants' pre-trial order. Accordingly, plaintiff's request to strike defendants' pre-trial order is denied.

Finally, plaintiff asks the court to sanction Deputy Attorney General Kaitlyn Miller for "operating a rogue conspiracy to cover up and defraud plaintiff from his meritorious claims" (#192, p. 2). Plaintiff's request has not been briefed and the record indicates that this request has no merit. Accordingly, plaintiff's request for sanctions is denied.

### III. CONCLUSION

Based on the foregoing, and for good cause appearing, the court recommends that plaintiff's motion for summary judgment (#189) be **DENIED**. The parties are advised:

1. Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen (14) days of receipt. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed.R.App.P. 4(a)(1) should not be filed until entry of the District Court's judgment.

## IV.  RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that plaintiff's motion for summary judgment (#189) be **DENIED**.

**DATED:  June 6, 2013.**

_____
**UNITED STATES MAGISTRATE JUDGE**